R. H. FIELD et al., Appellants, v. KANSAS CITY et al.

**In Banc, May 13, 1908.**

PARK BOULEVARDS: Maintenance. A park boulevard is an appurtenance of a park. Kansas City, under its charter, has authority to charge, with park maintenance taxes to maintain and keep in repair, private property within the park district, abutting on a street but not on the boulevard, although the owners of property abutting on the boulevard would not be charged with any more of the cost of maintaining the boulevard than the value of their property bears to the value of all the property in the district, while those whose property abuts on a street in the district, would be charged, not only with the cost of constructing and keeping in repair the street, but also with their proportional share of the cost of constructing and maintaining the park boulevard.

*Held,* by WOODSON, J., in a dissenting opinion, in which BURGESS and GRAVES, JJ., concur, that to charge all property in the park district alike with the cost of constructing and maintaining the boulevard, and in addition to charge the costs of other streets against the abutting property, is to deny equal protection of the laws, and the charter is for that reason violative of the Fourteenth Amendment. Such a boulevard is a street, and if the costs of other streets in the park district are charged against the abutting property, so should the costs of the boulevard be taxed against the property abutting on it; or, if the costs of the boulevard are to be apportioned against all property in the district, so should the costs of other streets.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*R. H. Field* for appellants.

(1)  As a tax, the levy for park and boulevard purposes is unconstitutional and void, because it is a denial to appellants, as Kansas City taxpayers, of the equal protection of the laws and a violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. State ex rel. v. Railroad, 195 Mo. 228; Dyar v. Farmington, 70 Me. 515. (2)  As a tax or as a special benefit assessment this levy is void (as is sec. 33 of article 10 of the city charter authorizing it) because it takes or attempts to take appellants' property for the private use of others, to-wit, for the private use of those who own lands fronting on the parks and boulevards in Westport Park District, and therefore violates both the State and Federal Constitution. State ex rel. v. Switler, 143 Mo. 287; St. Charles v. Nolle, 51 Mo. 122; Cooley, Const. Lim. (6th Ed.), 606; Morrison v. Morey, 146 Mo. 561; Cole v. La Grange, 113 U. S. 1; Fallbrook Irrig. Dist. v. Bradley, 164 U. S. 167; Nickey v. Stearnes Ranchos Co., 126 Cal. 150; In the matter of Market Street, 49 Id. 546; In re Theresa Drainage Dist., 90 Wis. 301; Reaves v. Treasurer Wood Co., 8 Ohio St. 346; Cypress Pond Draining Co. v. Hooper, 2 Metc. (Ky.) 350; In re Tuthill, 163 N. Y. 133. The constitutional guarantee of due process of law, without more, protects private property against taxation for private use. Macon v. Patty, 57 Miss. 379; Stratton Claimants v. Morris Claimants, 89 Tenn. 535; Robinson v. Swope, 12 Bush (Ky.) 22; In re Tuthill, supra; In re Jacobs, 98 N. Y. 111; Fallbrook Irrig. Dist. v. Bradley, 164 U. S. 166; Railroad v. Nebraska, Id. 403. (3)  As a special benefit assessment, the levy in this ordinance cannot be sustained because it is not determined therein nor in section 33 of article 10 of the city charter, that the lots of land in the park district thereby taxed, respectively, re-

ceived any exceptional benefit, not received by other lots of land in the city outside of the district taxed or received benefit in a sum equal to the amount of the tax; and when the conceded allegation is, that the lots thus taxed did not receive such exceptional benefit or such extent of benefit, the invalidity of such assessment is made conclusive. Kansas City v. Morton, 117 Mo. 453; Beechwood Avenue Sewer Cases, 179 Pa. St. 490;. Macon v. Patty, 57 Miss. 379; Hanscon v. Omaha, 11 Neb. 37; Chicago v. Adcock, 168 Ill. 221; Crane v. West Chicago Park Comrs., 153 Ill. 348; Lee v. Ruggles, 62 Ill. 427; St. John v. City, 50 Ill. 92; State ex rel. v. City, 37 N. J. L. 330; Vreeland v. Jersey City, 43 N. J. L. 135; Thomas v. Gain, 35 Mich. 155; People ex rel. v. Jefferson Co. Ct., 55 N. Y. 604; In matter of 14th Avenue, 3 Wend. 452; State ex rel. v. City Council, 12 Rich. (S. C. L.) 702; Taylor v. Palmer, 31 Cal. 241; Paulsen v. Portland, 16 Ore. 450; Sperry v. Flygare, 80 Minn. 325; State ex rel. v. Brill, 58 Minn. 156; Newby v. Platt Co., 25 Mo. 271; Garrett v. St. Louis, Id. 512; Morrison v. Morey, 146 Mo. 564; Dyar v. Farmington Village Corporation, 70 Me. 514; Dillon on Munic. Corp. (4 Ed.), sec. 761; Cooley on Taxation (2 Ed.),. 606-625-626. (4) As such special benefit assessment, against appellants' lots of land in Westport Park District, this tax levy denies appellants the equal protection of the laws extended to the owners of untaxed lands, in other parts of Kansas City, conceded to be likewise benefited by the parks and boulevards of the Westport Park District. Such discriminative taxation violates section 1 of the Fourteenth Amendment to the Constitution of the United States. Railroad Tax Cases, 13 Fed. 733; State ex rel v. Railroad, 195 Mo. 228; Railroad v. Ellis, 165 U. S. 150; Dyar v. Farmington, 70 Me. 515. Section 33 and section 31 of article 10 of the Kansas City charter must be construed together, and so construed makes a case of unequal protection of the law, in relieving the lands abutting on boulevards;

after the first improvement thereon, from the power of special assessment, as on other streets. Authorities last cited. And see, also, Anderson v. Milwaukee, 82 Wis. 279; State v. Julow, 129 Mo. 176. (5) The tax levy authorized by section 33 of article 10 of the Kansas City charter is essentially a tax and not a special benefit assessment, for two reasons: First. Because the grant of power to tax the lots of land in this district is not based upon, nor restricted to, the amount, ratio or existence of special benefit to such lots respectively. Authorities cited in point 3, supra. Second. Because this section of the charter requires an annual levy of assessments on the assessed value of the land, as any ordinary general tax is levied, and requires no valuation or determination of the special benefit of the parks and boulevards of the district to the lands taxed. These two forms of tax, the one upon the entire value of the property taxed, and the other upon only the increase of value or benefit to the property taxed, are obviously different in scope and extent. Crane v. West Chicago Park Comrs., 153 Ill. 348; Newby v. Platte Co., 25 Mo. 271; Morrison v. Morey, 146 Mo. 564; Dyar v. Farmington, 70 Me. 516; People ex rel. v. Jeff. Co. Ct., 55 N. Y. 604; Vreeland v. Jersey City, 43 N. J. L. 135; Lee v. Ruggles, 62 Ill. 427; St. John v. City, 50 Ill. 92; Taxation of Mining Claims, 9 Colo. 635; Cooley on Taxation (2 Ed.), 625-626. (6) The extent of such special benefit, and especially the ratio of benefit of a public improvement to and between the abutting lands and the non-abutting lands, in a prescribed benefit district, is at least a *quasi*-judicial question. Dillon, Municipal Corp. (4 Ed.), sec. 802a; Norfolk v. Ellis, 26 Gratt. (Va.) 242; Norfolk v. Young, 97 Va. 728; Davis v. Board of Com'rs, 65 Minn 313; Philadelphia v. Scott, 81 Pa. St. 80; Buthe v. Supervisors, 26 Mich. 23; Hagar v. Reclamation Dist., 111 U. S. 710; In re House Bill, 9 Colo. 625; Cooley on Taxation (2 Ed.), 35-655-788; Ragan v. Farmers' Trust Co., 154 U. S. 399;

Newby v. Platte Co., 25 Mo. 263; State ex rel. v. Lumber Co., 198 Mo. 430. Hence, section 33 of article 10 of the Kansas City charter, construed as authority for a special benefit assessment, violates the "due process of law" guaranteed in the Fourteenth Amendment to the Constitution of the United States, because no remedy is provided for a hearing as to the existence, extent, or ratio of special benefits of the parks and boulevards to the lots of land authorized to be taxed. Cooley on Taxation (2 Ed.), 363-364-655; State ex rel. v. Buchanan Co., 108 Mo. 241; State ex rel. v. Spencer, 114 Mo. 577; Bellingham Bay & Co. v. New Whatcom, 172 U. S. 318; Brown v. Denver, 7 Colo. 305; Violette v. Alexandris, 92 Va. 561; Sears v. Street Comrs., 173 Mass. 350; Stuart v. Palmer, 74 N. Y. 183; Deitz v. City, 91 Wis. 422; Ulman v. Mayor, 72 Md. 588; Philadelphia v. Scott, 81 Pa. St. 80; Whiteford Township v. Probate Judge, 53 Mich. 130; Trustees Griswold College v. City, 65 Iowa 633. The line of cases which sanctions special assessments, by the area or frontage of the lots of land abutting on the improvement charged for are based upon the right of the Legislature, on common experience, to assume the probable certainty of such special benefits, in amount equal to the sum assessed. These decisions do not apply, and can not properly be extended, to lots of land, like appellants', assessed for improvements on which the lots do not abut. Martin v. District of Columbia, 205 U. S. 24; Beechwood Avenue Sewer Cases, 179 Pa. St. 490; Thomas v. Gain, 35 Mich. 155; Paulsen v. Portland, 16 Ore. 450; Chicago v. Adcock, 168 Ill. 221; Garrett v. St. Louis, 25 Mo. 512; Kansas City v. Bacon, 147 Mo. 281; State ex rel. v. Brill, 58 Minn. 156.

*Edwin C. Meservey, Wm. A. Knotts* and *D. J. Haff* for respondents.

(1) That local assessments upon real estate is a legitimate and authorized method of raising money,

not only for maintaining, but also for purchasing and constructing parks and boulevards, is as well settled in this country to-day as any principle of law can be determined by the courts. Kansas City v. Ward, 134 Mo. 172; Kansas City v. Langston, 147 Mo. 259; Kansas City v. Bacon, 157 Mo. 450; Shoemaker v. United States, 147 U. S. 302; Craighill v. Lambert, 168 U. S. 611; Owners of Ground v. Mayor of Albany, 15 Wend. 376; Holt v. City Council of Somerville, 127 Mass. 413; Kansas City ex rel. v. Scarritt, 127 Mo. 642; Foster v. Park Comsrs., 133 Mass. 338; Matter of Comsrs. Central Park, 63 Barb. 282; State v. District Court of Hennepin Co., 33 Minn. 235; Kedzie v. West Chicago Park Comsrs., 114 Ill. 280; Brooklyn Park Comsrs. v. Armstrong, 45 N. Y. 234; Briggs v. Whitney, 159 Mass. 97; People v. Brislin, 80 Ill. 423. (2) The charter of Kansas City has always provided for "repairs" to be paid for by special assessment, the same as original construction, and our Supreme Court has never questioned its validity. Charter of Kansas City, art. 9, sec. 7; Kansas City v. Huling, 87 Mo. 203; Gibbons v. Owens, 115 Mo. 259; Moore v. Westport, 110 Mo. 509.

VALLIANT, J.—The facts of this case are like those in Corrigan v. Kansas City, *ante*, p. 608, except that in this case the plaintiffs' property is in another park district of Kansas City called Westport Park District. These two cases were argued and submitted together. Like the Corrigan case, this is a suit in equity to enjoin the sale of plaintiffs' property (or rather to enjoin the delivery of certificates of purchase) for delinquent park maintenance taxes. The court sustained a demurrer to the plaintiffs' petition and, they declining to plead further, final judgment was entered against them and from that judgment they have appealed.

The main proposition of appellants in this, as it was in the Corrigan case, is that section 33, article 10,

of the charter of Kansas City, and the ordinance assessing the park maintenance tax passed under authority of that section, are invalid. All that is said in the opinion in the Corrigan case on that proposition is applicable in this case and there is no necessity for repeating it.

But in this case the plaintiffs make one point that was not made in the other case and it deserves our attention.

It is contended that the charter elsewhere provides that the streets of the city may be constructed, reconstructed, improved and repaired at the expense of the property-owners, that is, by special taxbills against the property abutting on the street. In support of that contention various clauses of article 9 of the charter are quoted. Section 31 of article 10 provides that under certain conditions the park boulevards may be constructed and improved at the expense of the adjoining property and special taxbills issued therefor; then in the closing sentence of that section it is provided "that when any parkway or boulevard has been constructed, paved, guttered and otherwise improved at the expense of the adjoining property, such parkway or boulevard shall thereafter be maintained at the expense of the park district in which the same is situated or out of the general park fund." The plaintiffs' property, not fronting on a park boulevard, but on a street in the park district, is taxed to construct the street and maintain it; the property fronting on the boulevard bears no part of the burden of either constructing or maintaining the street, yet the plaintiffs' property is taxed for maintaining the boulevard, and therein the plaintiffs say they are denied that equal protection of the law that the Fourteenth Amendment guarantees.

If we count a street and a boulevard as the same thing the plaintiffs' point is well made. But whilst a park boulevard has some of the general characteristics

of a street, yet there is a difference between them. The boulevard here mentioned is an appurtenance to the park; it is under the control of the park commissioners and is a part of the park system. In a sense it is a public highway, yet it is so in a restricted sense only. It is not all traffic that may use it as a street is used; it is dedicated rather to pleasure than to work. It possesses characteristics that justify the law-making power of the city government in making a class of park boulevards distinguished from ordinary streets. It is in a sense a part of the park, and therefore the answer that has been given by this court to objections of property-owners to having their properties taxed for payment for lands condemned for parks and for maintenance of parks, is an answer to the objection the plaintiffs now make to taxing the property for the maintenance of the park boulevards. If the city has authority to tax property, for park purposes, as distant from the park, as this court has in former cases of this kind, founded on the Kansas City charter, decided that it has, it has authority to levy this maintenance tax. We see no difference in the principle involved.

For the reason above given, as well as for the reasons contained in the opinion in Corrigan v. Kansas City, supra, the judgment is affirmed. *Gantt, C. J., Lamm* and *Fox, JJ.,* concur; *Burgess, Graves* and *Woodson, JJ.,* dissent.

## DISSENTING OPINION.

WOODSON, J.—This case presents precisely the same questions that are involved in the case of Corrigan v. Kansas City, *ante,* p. 608, and I dissent from the majority opinion herein for the same reasons stated in my dissenting opinion filed in that case.

This case presents an additional point not presented by the record in that case, and that is this: In

addition to the section 33 of article 10 of the charter
of Kansas City, authorizing the city council to levy the
park maintenance tax discussed in the Corrigan case,
it also provides in another provision that the streets
of the city not fronting upon the boulevard proper,
but, however, within the same park and boulevard dis-
trict, may be constructed, reconstructed, improved and
otherwise repaired at the expense of the adjacent prop-
erty-owners.   In other words, the first-mentioned pro-
vision provides that the park and boulevard proper
shall be constructed, improved and maintained by a
tax to be assessed against all of the taxable real estate
of the entire district, while the other provides that the
cost of constructing, improving and maintaining all
other streets which are located within the limits of the
same park and boulevard district shall be at the
expense of  the abutting  property-owners.   From
those two provisions it is seen that those who front on
the boulevard are required to pay only such portion
of the costs of constructing, repairing and maintain-
ing the boulevard as the value of their property bears
to the value of all the property of the district, while
those who do not front upon the boulevard but do front
upon streets and avenues embraced therein must bear
the entire cost of the construction and maintenance of
the streets upon which they front and must in addition
thereto pay their proportional part of the costs of pav-
ing, guttering, curbing and otherwise improving and
maintaining the boulevard, so-called, which, in that re-
gard, is nothing more or less than a street or highway
of the city.

This is clearly a violation of the 14th Amendment
of the Constitution of the United States.   That system
of taxation denies the equal protection of the laws to
the real estate located in the same district.

The record discloses that these districts are about
three miles long and one and a half miles in width;
and if we allow ten blocks to the mile, then we have fif-

teen streets paralleling the boulevard in the district, the property abutting upon all of which must not only pay the entire costs of constructing, repairing and maintaining those streets, but also its proportional part of the costs of constructing and maintaining the boulevard, which would, according to that basis, be approximately fifteen-sixteenths thereof, while those fronting on the boulevard would pay only one-sixteenth of the cost of constructing and maintaining the boulevard, and not a penny for the other streets of the district.

This is clearly a denial of the equal protection of the laws, and the tax so levied, in my judgment, is void, and the charter provision which authorizes such a levy is void and unconstitutional.

I am, therefore, of the opinion that the judgment should be reversed and a judgment entered here declaring the taxes null and void and of no force or effect.

*Burgess* and *Graves, JJ.,* concur.